NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10177 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00106-MCE-1 |
| v. | |
| CHRISTOPHER THOMAS KEGLER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted September 7, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and CARDONE,** District Judge.

Before pleading guilty to charges of Possession with Intent to Distribute

Methamphetamine in violation of 21 U.S.C. § 841(a) and Felon in Possession of a

Firearm in violation of 18 U.S.C. § 922(g), Kegler moved to suppress evidence of

drugs and a firearm found in his hotel room. After an evidentiary hearing, the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

district court found that Kegler had voluntarily consented to a search of the hotel room. Kegler appeals the district court's denial of his motion to suppress the evidence, having conditioned his plea on the right to appeal that order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the denial of a motion to suppress de novo, *United States v. Davis,* 530 F.3d 1069, 1077 (9th Cir. 2008), and review the district court's determination of voluntariness for clear error, *United States v. Rojas-Millan*, 234 F.3d 464, 468 (9th Cir. 2000). We view the evidence related to consent in the light most favorable to the fact-finder's decision. *United States v. Brown,* 563 F.3d 410, 414 (9th Cir. 2009) (citing *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004)).

Kegler argues that the district court erred because the five factors that we generally apply to determine the voluntariness of consent to search, as set forth in *Patayan Soriano*, 361 F.3d at 502, and *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000), counsel against finding voluntariness in this case.

A valid consent to search is an exception to the Fourth Amendment's warrant requirement. *Brown*, 563 F.3d at 414-15 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)). In *Schneckloth*, the Supreme Court explained that the government bears the burden of demonstrating that consent to search is voluntary, "to be determined from the totality of all the circumstances."

2

*Schneckloth*, 412 U.S. at 223, 227. We have elaborated that "[w]hen viewing the surrounding circumstances, there is no single controlling criterion." *United States v. Perez-Lopez*, 348 F.3d 839, 846 (9th Cir. 2003) (quoting *United States v. Kaplan*, 895 F.2d 618, 622 (9th Cir. 1990)).

Here, the *Cormier-Patayan Soriano* factors do not readily inform the voluntariness inquiry because it was Kegler himself who initiated and broadened the search that resulted in the discovery of the methamphetamine and the gun. Soon after the officers entered his hotel room with an arrest warrant, Kegler requested assistance from a deputy United States Marshal in finding a sweatshirt so he could keep warm at the police station. At Kegler's direction and with Kegler's assistance, the deputy searched two suitcases, including one that was locked and for which Kegler provided the combination. And, in response to the deputy's question about how he wanted to handle his property in light of his arrest, Kegler expressed his desire to take his possessions with him to the police station, rather than leave them at the hotel. Kegler was informed that this request would necessitate a search of all of his property. In response, Kegler told the deputy that the officers could "search whatever they want." It was shortly after that the deputy discovered the methamphetamine in a duffel bag.

After the discovery of the methamphetamine, Kegler was read *Miranda* warnings, and he again consented to a search of his possessions. After Kegler told

3

another officer that he had a gun in one of his bags, Kegler provided the officers with the precise location of the gun. They then discovered the gun by following Kegler's instructions.

It is difficult to square Kegler's claim of the involuntariness of his consent with his initiation of the search of his property and his broadening of the search by electing to take his property to the police station, even after he had been advised that this choice would require an expanded search. Kegler's continuing cooperation in the search, including providing access to a locked container and offering precise directions for finding the gun, further support the finding of voluntariness. Viewing the evidence in the light most favorable to the district court's findings, and considering the totality of the circumstances, Kegler's consent was voluntary. *See Schneckloth*, 412 U.S. at 227; *Brown*, 563 F.3d at 414-15.

**AFFIRMED.**